IN THE MATTER OF MARY E. OSBORNE, MINOR CHILD OF
MRS. BERTHA POCUS.

(Filed 24 January, 1934.)

1. **States A b—Where court of another state has jurisdiction of action its judgment must be given full faith and credit in this State.**

    Where the courts of another state have jurisdiction of the parties and subject-matter, its judgment in the cause is not subject to collateral attack in this State, but such foreign judgment will be given full faith and credit under Art. IV, sec. 1, of the Federal Constitution.

2. **Judgments M c—Foreign judgment is not subject to collateral attack where foreign court has jurisdiction of cause.**

    The validity of a judgment of another state decreeing adoption by petitioner of a minor child may not be collaterally attacked in proceedings in this State on the ground that the parents' consent to the adoption was

not obtained, and that therefore the foreign court did not obtain juris-
diction, where it appears that the child's father had abandoned it and
that its mother had given her written consent in accordance with the
procedure of such other state, and that the foreign court was given
jurisdiction to decree adoption in such cases according to its laws, the
laws of such other state being controlling in the matter.

**3. Adoption B c—Parent by adoption has right to custody of child as against its natural mother.**

Where a child has been legally adopted, its parent by adoption is en-
titled to a decree for its custody in *habeas corpus* proceedings as against
its natural mother even though it is found by the court that it would be
to the best interest of the child to award its custody to its natural
mother.

APPEAL by respondent, Mrs. Anna Harrell, from *Sinclair, J.*, at
Chambers, Fayetteville, N. C., 29 September, 1933. From PENDER.
Affirmed.

This was a writ of *habeas corpus* brought by Mrs. Bertha Pocus for
the custody of Mary E. Osborne, a minor child whose mother was Mrs.
Anna Harrell. The petitioner, Mrs. Bertha Pocus, contends that she
adopted the child in 1922 when an infant about 2½ months old. That
the adoption was at Roanoke, Va., in accordance with the laws of Vir-
ginia. That the mother, Mrs. Anna Harrell, consented to the adoption.
The petition that she signed for Mrs. Bertha Pocus (Mrs. W. B. Os-
borne—W. B. Osborne is dead and she married Mr. Pocus) to adopt
the child has this in it:

"Mrs. Anna Bowen (now Mrs. Anna Harrell) the mother of said
Mary E. Bowen, having been deserted without just cause by W. L.
Bowen, her husband, about six months ago, the whereabouts of her
said husband being now unknown to her, she, the said Mrs. Anna Bowen,
enters in the prayer of this petition for the purpose of giving her written
consent to the adoption of said infant, and that they, the said petitioners,
desire to have the name of the said Mary E. Bowen changed to Mary E.
Osborne."

In the judgment is the following:

"The father, without cause, having deserted his wife and child about
six months ago."

That she kept and provided for the child until early in 1933, when
Mrs. Harrell, the mother, came to see her and asked to take the child
to Bluefield, W. Va., for two week's visit. That she never brought the
child back, but moved to Pender County, North Carolina, with the child
to live and refused to surrender the custody of the child.

In the record is the following:

"By consent, attorneys for the petitioner and respondent, agree that
the following shall be and constitute the record in the above case on
appeal:

"Petition for writ of *habeas corpus,* writ of *habeas corpus,* answer of Mrs. Anna Harrell, reply of petitioner, judgment of Superior Court, adoption proceedings, section 5333 of the Virginia Code, *Bell v. Jones,* 90 Va. Law Register, 1070, affidavits in support of petition, affidavits in support of respondent's answer."

The judgment of the court below was as follows:

"This cause coming on to be heard upon a writ of *habeas corpus* before the undersigned judge of the Superior Court and being heard upon the petition, answer and affidavits filed, upon consideration thereof and after argument of counsel the court finds as a fact that it would be to the best interest of the infant, Mary E. Osborne, to award her to the care and custody of her mother, Mrs. Anna Harrell; but the court being of the opinion as a matter of law that the said Mary E. Osborne was legally adopted by the petitioner, Mrs. Bertha Pocus, under and by virtue of a valid judgment of a court of competent jurisdiction of the State of Virginia, prior to the institution of this proceeding:

It is, therefore, considered, adjudged and ordered that the body of the said Mary E. Osborne be delivered to the care and custody of the petitioner, Mrs. Bertha Pocus.

The hearing in this proceeding was continued from time to time and it was agreed by consent of counsel that judgment might be signed out of the county and out of the district.

Done at chambers, Fayetteville, N. C., 29 September, 1933.

N. A. SINCLAIR, *Judge Superior Court.*"

The only exception and assignment of error by the respondent, Mrs. Anna Harrell, was to the judgment as signed.

*Clifton L. Moore for appellee.*
*John J. Best for appellant.*

CLARKSON, J. Both sides to this controversy admit that the questions involved are as follows:

1. Was Mary E. Osborne, as a matter of law, legally adopted by the petitioner, Mrs. Bertha Pocus, under and by virtue of a valid judgment of the court of competent jurisdiction of the State of Virginia, prior to the institution of this proceeding?

2. Are such adoption proceedings subject to collateral attack in this proceeding?

3. Who is entitled to the custody of Mary E. Osborne, the lower court having found that her mother, Mrs. Anna Harrell, her natural mother, was the proper person to have her custody, as a matter of fact, and that the petitioner, Mrs. Bertha Pocus, was entitled to her custody as a matter of law?

As to the first question, we think it must be answered in the affirmative and the second in the negative and the third, Mrs. Bertha Pocus.

In *Webb v. Friedberg,* 189 N. C., at p. 171-2, it is said: "Article IV, sec. 1, Const. of U. S., is as follows: 'Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.' *Hanley v. Donoghue,* 116 U. S., 1; *Thompson v. Whitman,* 18 Wall., 457; *Andrews v. Andrews,* 188 U. S., 14; *Haddock v. Haddock,* 201 U. S., 562; Const. of U. S., Anno., 1923, p. 478, *et seq.* 'By virtue of Const. U. S., and acts of Congress in pursuance thereof, judgment of other states are put upon the same footing as domestic judgments; they are conclusive of all questions involved in them, except fraud in their procurement, and whether the parties were properly brought before the court.' *Marsh v. R. R.,* 151 N. C., 160; *Miller v. Leach,* 95 N. C., 229." *Van Kempen v. Latham,* 195 N. C., 389-391. *Yarborough v. Yarborough,* U. S. Supreme Court Adv. Opinions, 172. Sup. Court Rep. Vol. 54, p. 181. In 15 R. C. L. (Judgments), page 915, part sec. 394, is the following:

"A judgment of a sister state cannot be impeached by showing irregularity in the forms of proceeding, or a noncompliance with some law of the state where the judgment was rendered relating thereto, or that the decision was erroneous. Jurisdiction confers power to render the judgment, and it will be regarded as valid and binding until set aside in the court in which it was rendered. Where there is no want of jurisdiction of the person or subject-matter of the controversy, mere error in the exercise of jurisdiction by a foreign court rendering judgment is immaterial in an action on such judgment, and a foreign judgment founded on a mistake as to the law is nevertheless valid and entitled to full faith and credit. An erroneous construction of a statute or other law of one state by the courts of another affords no ground for denying its judgment, faith and credit. When judicial proceedings of one state are drawn in question before the courts of another state their regularity and validity are to be determined, not according to the laws of the forum, but with reference to those of the state in which the judgment was rendered, and the recognition to be accorded a foreign judgment is not affected by the fact that the procedure in the country in which such judgment was rendered differs from that of the courts of the country in which it is sought to be enforced or relied on." *Ring v. Whitman,* 194 N. C., 544; *In re Chase,* 195 N. C., 143; *S. c.,* 193 N. C., 450; *Bonnett-Brown Corporation v. Coble,* 195 N. C., 491.

The respondent, Mrs. Anna Harrell, relies on the case of *Truelove v. Parker,* 191 N. C., 430, and *In re Shelton,* 203 N. C., 75. These cases are not applicable. The child was adopted according to the law of Virginia and we must give under the U. S. Constitution, Article IV, section 1, "full faith and credit."

The respondent, Mrs. Anna Harrell, contends that, "consent lies at the foundation of the statutes of adoption, and, if they require it being given, the jurisdiction of the subject-matter cannot be acquired without it. Where certain facts obviate the necessity of consent, the existence of those facts must be shown, and a failure to observe the statutory requirement as to notice and consent is not mere irregularities which is immune from collateral attack, but they are jurisdictional and without that a valid order of adoption cannot be made."

We think the court of Virginia had jurisdiction when the adoption was made.

The allegations in the petition for adoption follows the Virginia statute, section 5333 of the Code of Virginia. The pertinent part is as follows:

"But a written consent, duly acknowledged, must be given to such adoption by the child, if of the age of fourteen years or over, and by each of his or her known living parents who is not hopelessly insane or otherwise incapacitated from giving such consent, or who is not habitually addicted to the use of drugs or of intoxicating liquors, *or has not abandoned such child,* or has not lost custody of the child through the order of a court; or if the *parents are disqualified,* as aforesaid, then by the legal guardian, or if there be no such guardian, then by a discreet and suitable person appointed by the court to act in the proceedings as the next friend of such child; but if such parents or guardian join in said petition it shall be deemed such consent in writing.

Upon filing of said petition, the court shall direct a probation officer or other officer of the court, or an agent of the State or county or city board of public welfare, or some other discreet and competent person, to make a careful and thorough investigation of the matter and report his findings in writing to said court. The person so directed to make such investigation shall make inquiry, among other things, as to, etc., . . ."

In *Bell v. Jones,* 9 Virginia Law Reg., 1070, it is there said: " 'A judgment of a court fixing the status of a person, rendered in matters where it has jurisdiction and upon the notice required by law, is conclusive as against all collateral attacks by parties or privies.' *Brown v. Brown,* 101 Ind. R., 340; *Van Metre v. Sankey,* 39 Am. St. R., 197."

In the present matter no fraud is alleged and the Virginia court, having jurisdiction, the proceeding in the Virginia court must be given "full faith and credit."

Section 5333, *supra,* further provides: "At any time after the final order of the court permitting such adoption and change of name, the parent or parents of such minor child, the State Board of Public Welfare, or the child itself, if twenty-one years of age, and if not twenty-one years of age, then the child by its next friend or the adopting parent

or parents, may petition the court which entered such order of adoption to vacate the same and terminate the adoption and restore the former name."

This is the remedy of the respondent, Mrs. Anna Harrell, if she has any.

Since the *Truelove case, supra,* was decided the General Assembly of North Carolina, Public Laws, 1927, chap. 171, amended C. S., 189, which now reads as follows:

"In all cases where the parent or parents of any child has wilfully abandoned the care, custody, nurture and maintenance of the child to kindred,. relatives or other persons, such parent or parents shall be deemed to have forfeited all rights and privileges with respect to the care, custody and services of such child, and upon finding of such fact by the court, *shall not be necessary parties* to an action or proceedings under this chapter; providing, this section shall not prevent the parent from instituting a proceeding under the next section of this chapter."

See North Carolina Code of 1931 (Michie), sec. 189—Abandonment by parents—custody forfeited; sec. 190, Restoration of parent's rights; sec. 190(a), Judgments binding until vacated. This case is controlled not by the statutes and decisions of this State, but according to the laws of Virginia, in which state the judgment was rendered and we must give under the Constitution "full faith and credit" to same.

This is a pathetic case, the love of both women for this child. We have to construe the law, but should not the leaven of goodness so regulate this case that both parties to this controversy may be able to have this child during certain periods of the year. Of course, this has to be done by consent of the parties. For the reasons given, the judgment of the court below is

Affirmed.