DIANE THOMAS RHODES v. ANN R. HENDERSON AND MARK J.
HENDERSON

No. 7226DC265

(Filed 24 May 1972)

1. Infants § 9; Parent and Child § 6— child custody — right of parent
   An order depriving a parent of the custody of a child in favor
   of third persons must be supported by substantial reasons.

2. Infants § 9; Parent and Child § 6— child custody — right of parent —
   financial ability
   The fact that parents of a child may not be as able financially
   to take care of the child as the party seeking to defeat their custody
   is not a sufficient ground for awarding custody to a third person.

3. Adoption § 5; Parent and Child § 1— adoption — natural parents
   A final decree of adoption for life terminates the relationship
   between the natural parents and the child, and the natural parents
   are divested of all rights with respect to the child. G.S. 48-23.

4. Infants § 9; Parents and Child § 6— adoption — child custody — natural
   mother
   After the natural mother has permitted a child to be adopted by
   others, her right to custody of the child is no greater than that of a
   stranger to the child.

5. Infants § 9; Parent and Child § 6— use of profane language — fitness
   for child custody
   Evidence that the adoptive parent of a child uses profane and
   vulgar language is insufficient to support a finding that such parent
   is not a fit and proper person to have custody of the child.

6. Infants § 9; Parent and Child § 6— custody of adopted child — right of
   adoptive parents — findings by court
   In an action by the natural mother of a child to obtain custody
   of the child from the adoptive parents, findings by the court that
   alcoholic beverages are frequently consumed in the home of the adop-
   tive parents, that house cleaning and food preparation are not rea-
   sonably done in the home, that there is frequently no heat, that the
   adoptive parents move frequently, that the child is frequently found
   dirty and with dirt caked on him which is difficult to remove, and
   that the natural mother now lives in a good neighborhood in a three
   bedroom brick house, has no other children, is physically competent,
   loves the child and has a husband who earns $25,000 per year, *are
   held* insufficient to justify the court's order removing the child from
   the custody of its adoptive parents and granting custody to the natural
   mother.

7. Trial § 49; Rules of Civil Procedure § 60— perjury — motion for new
   trial — appellate court
   Motion under G.S. 1A-1, Rule 60, to set aside the judgment and
   for a new trial on the ground that a witness for plaintiff had perjured

himself, filed after the appeal had been calendared for argument, was properly made in the Court of Appeals.

APPEAL by defendants from *Stukes, Judge,* 1 November 1971 Civil Nonjury Session, District Court, MECKLENBURG County.

Plaintiff is the natural mother of Joseph David Thomas Henderson who was born to her out of wedlock on 23 March 1967. The child was adopted by defendants on 9 December 1968. Defendant Ann R. Henderson is plaintiff's mother and defendant Mark J. Henderson is her stepfather. This action was brought seeking custody of the minor child upon allegations that defendants are not fit and proper persons to have custody of the child, and that the interests and welfare of the child will not be best promoted by his continued custody in defendants. Defendants, by answer, denied the material allegations of the complaint.

The matter was heard upon oral evidence, and the court entered an order awarding custody of the child to plaintiff. Defendants appealed.

*Bailey and Davis, by Thomas D. Windsor, for plaintiff appellee.*

*Hamel and Cannon, by Thomas R. Cannon, for defendant appellants.*

MORRIS, Judge.

At the trial of this matter, the court heard testimony from the parties, from the two sons and daughter of defendants, and from an employee of the Protective Services of Child Welfare, Mecklenburg Department of Social Services. The evidence was quite conflicting.

The court found facts as follows: (Those omitted are not pertinent to this appeal.)

1. "That the plaintiff is the natural or biological mother of Joseph David Thomas Henderson; that the defendants are the adoptive parents of said child; and that the defendant, Ann R. Henderson is the mother of the plaintiff."

2. "That the defendant, Mark J. Henderson is the stepfather of the plaintiff, is a disabled person of 44 years

of age, has not worked for several years, and is receiving Social Security for his disability."

3. "That the defendant, Ann R. Henderson, works in a grocery store during the day time and that the minor child is left at home with his 15-year-old sister."

4. "That alcoholic beverages are consumed in the home to the extent whereby profane and indecent language is used in the presesnce of the child; that alcoholic beverages are frequently consumed in the home during the week in the presence of the minor child; that the household duties of cleaning and preparation of food are not reasonably done; that the home is frequently without heat; that the home is not cleaned regularly; that over the past two years the defendants have moved from one dwelling to the next 9 or 10 times; that such language as s.o.b., bastard, and m.f. are used in the presence of the minor child; that the child is frequently found in an unclean condition due to not having necessary baths; and that dirt is allowed to cake on the child and is difficult to remove."

5. "That the minor child is in need of better care, protection and discipline than he is now receiving; and that said child is a neglected child and in need of more suitable guardianship."

6. "That the plaintiff is married to Rufus Robert Rhodes; that they reside in a brick home in a new subdivision in Greenville, South Carolina; that the home has three bedrooms· and is in a good neighborhood; that the plaintiff is physically competent to have custody of the minor child; that she has no other children and is able to devote her full time to the care and discipline of the minor child; that the plaintiff's husband is a building contractor and earns approximately $25,000 per annum and that the plaintiff loves the minor child and is able to provide the necessities for his care."

On these findings the court made the following conclusions:

"THE COURT CONCLUDES AS A MATTER OF LAW that Joseph David Thomas Henderson is in need of better care, protection and discipline than he is now receiving; that

Rhodes v. Henderson

said child is a neglected child and is in need of more suitable guardianship; that the defendants are not fit and proper persons to have said child's custody and control; that it would not best promote the interests and welfare of said child to remain in the defendant's custody; that the plaintiff, the natural mother, is a fit and proper person to have the custody of said minor child; that it would best promote the interest and welfare of the said child if plaintiff had his custody and control; and that the best interests and welfare of said child would be best promoted by removing said child from the custody of the defendants and placing him in the custody of the plaintiff."

and ordered that custody be vested in plaintiff until further orders of the court; that plaintiff have the right to take the child to her home in South Carolina and keep him there; and that defendants have the right to visit with the child at reasonable times.

[1, 2] The "polar star" in determining custody of children is their welfare. "' . . . Even parental love must yield to the claims of another, if, after judicial investigation it is found that the best interest of the children is subserved thereby.'" *James v. Pretlow,* 242 N.C. 102, 105, 86 S.E. 2d 759 (1955), quoting from *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144 (1934). However, "'[i]n order to justify depriving a parent of the custody of a child in favor of third persons there must be substantial reasons or, as various courts have put it, the reasons must be real, cogent, weighty, strong, powerful, serious, or grave.' 67 C.J.S., Parent and Child, p. 651." *James v. Pretlow, supra.* Nor is the fact that a parent or parents seeking to retain custody of their child, or to obtain custody of their child, may not be as able financially to take care of the child as the party seeking to defeat their custody sufficient to justify the court's depriving the parents of custody and awarding it to some third person. 2 Nelson, Divorce & Annulment, § 15.15, p. 245 (2d ed. rev. 1961).

[3, 4] A final decree of adoption for life terminates the relationship between the natural parents and the child, and the natural parents are divested of all rights with respect to the child. G.S. 48-23. See *In re Osborne,* 205 N.C. 716, 172 S.E. 491 (1934). *A fortiori,* defendants are the parents of the child whose custody is at issue, and the right of the plaintiff (his nat-

Rhodes v. Henderson

ural mother) after she has permitted the child's adoption by others, is no greater than that of a stranger to the child. In this case, the "stranger" seeking custody does not live in North Carolina, and there is no finding that removal of the child from the State of North Carolina would be in his best interest as required in *Wall v. Hardee,* 240 N.C. 465, 82 S.E. 2d 370 (1954).

[5, 6] The court found (labeled as a conclusion) that "the defendants are not fit and proper persons to have said child's custody and control." We find no evidence in the record, even from plaintiff, that Mrs. Henderson uses alcoholic beverages to any extent at all. There is evidence that she at times participates in the use of profane and vulgar language. Although we certainly do not condone such conduct, particularly in the presence of children, we are not willing to say that this is sufficiently powerful to support a finding of unfitness of the parent to have the custody of the child. The findings summarized are then that this is a home in which alcoholic beverages are frequently consumed; house cleaning and food preparation are "not reasonably done"; there is frequently no heat; the parents move frequently; the house is not cleaned "regularly"; and in which a four-year-old boy is frequently found dirty and with dirt caked on him which is difficult to remove. If these findings are sufficient to justify removing children from the custody of their parents, we fear that many well regarded parents whose children are loved and well adjusted should stand in fear of having their children taken from them and given to a third person who is found to be fit only upon findings that she lives in a good neighborhood in a three bedroom brick house, has no other children, is physically competent, loves the child, and whose husband earns $25,000 per year.

We are of the opinion that the evidence is not sufficient to support some of the material findings and that the facts found are not sufficient to support the judgment and that defendants are entitled to a new trial.

[7] After this appeal has been calendared for argument in this Court, appellants moved that the judgment rendered in this case be set aside and a new trial granted on the grounds that a witness for plaintiff, to wit plaintiff's brother, perjured himself and testified falsely as to conditions in the home because of offers of bribes and threats of physical harm made by plain-

tiff's husband. The motion was supported by affidavits of witnesses. The motion, under G.S. 1A-1, Rule 60, is properly made in this Court. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971).

However, in view of the result on appeal, the motion is rendered moot and is, therefore, dismissed.

Chief Judge MALLARD and Judge PARKER concur.