SARA ACKER AND FAY ACKER v. O. KENNETH BARNES AND WIFE, ELLEN SPIELMAN BARNES

No. 7618DC930

(Filed 3 August 1977)

Infants § 6.7— custody of minors by parents— visitation rights
    Where the natural mother of minor children and her present husband, who legally adopted the children, have lawful custody of the children, the courts will not compel the parents to allow visitation of the children by their paternal grandmother and natural aunt, since parents in lawful custody of their minor children have the prerogative to determine with whom their children shall associate.

APPEAL by plaintiffs from *Clark, Judge.* Order entered 29 September 1976 in District Court, GUILFORD County. Heard in the Court of Appeals 8 June 1977.

Plaintiffs, the paternal grandmother and a natural aunt of two minor children, brought this action seeking an order granting them visitation rights with the children.

The feme defendant, Ellen Spielman Barnes, was formerly married to Irwin Acker. Two children, who are the subjects of this action, were born of that marriage. That marriage was terminated by divorce. Thereafter, the feme defendant married O. Kenneth Barnes, who legally adopted the two children. Irwin Acker, the natural father of the children, consented to the adoption. The plaintiffs are the mother and sister, respectively, of Irwin Acker.

In their complaint, plaintiffs alleged the foregoing facts and in addition alleged:

"V. That since the time of the final order of the adoption the defendants have denied the Plaintiffs the opportunity to have reasonable visitation with the said minor children; that the adoption hereinbefore referred to did not destroy the relationship existing between the said children and their natural grandmother and natural aunt, the Plaintiffs in this action; but that the Defendants have failed and refused, and still fail and refuse to permit the Plaintiffs to have any reasonable visitation with the said minor children."

Plaintiffs prayed for an order granting them "some reasonable visitation with the said minor children so as to permit them to continue the relationship of natural grandparent and natural aunt . . . "

Defendants moved pursuant to G.S. 1A-1, Rule 12(b)(6), to dismiss plaintiffs' action for failure of the complaint to state a claim upon which relief can be granted. The court allowed the motion, and plaintiffs appealed.

*G. S. Crihfield and James W. Lung for plaintiff appellants.*

*Forman & Zuckerman, P.A., by William Zuckerman for defendant appellees.*

PARKER, Judge.

By the express provisions of G.S. 48-23, every final order of adoption results in establishing the relationship of parent and child between the adoptive parents and the child, and from and after the entry of the final order of adoption, the natural parents "shall be divested of all rights" with respect to such child. By adoption, the adopted child becomes legally the child

of the adoptive parents and becomes legally a stranger to the bloodline of his natural parents. *See Rhodes v. Henderson,* 14 N.C. App. 404, 188 S.E. 2d 565 (1972).

In the present case, the mother of the children and her present husband, who by the adoption has become in legal effect their father, have lawful custody of the children. So long as parents retain lawful custody of their minor children, they retain the prerogative to determine with whom their children shall associate. Where, as here, the parents firmly resist any move by others seeking authority to visit the children, the courts will not compel the parents to allow such visitation. Annot., 98 A.L.R. 2d 325 (1964). What was said in *Jackson v. Fitzgerald,* 185 A. 2d 724, 726 (Mun. Ct. App. D.C. 1962), 98 A.L.R. 2d 322, 325, is pertinent here:

> "Courts are not insensitive to the yearning of grandparents and other relatives for the company of children in their families. But such cannot be translated into a legal right without a showing that it is dictated by the needs and welfare of the child. In the absence of such a showing, custodial control goes along with custodial responsibility."

G.S. 50-13.1, cited by plaintiffs as authority for their right to maintain this action, is not here applicable. That statute deals with an action or proceeding to obtain custody of a minor child. Plaintiffs do not seek custody. They seek only the right of visitation, which is a very different matter. Even under the liberal approach of notification pleading embodied in G.S. 1A-1, Rule 8, plaintiffs' complaint fails to contain any statement sufficiently particular to give the court and the defendants notice of any transactions or occurrences intended to be proved showing that the plaintiffs are entitled to any relief.

The order dismissing plaintiffs' action is

Affirmed.

Judges MORRIS and CLARK concur.