IN THE MATTER OF: THE CUSTODY OF THEODORE DAVIS ROOKER AND TAMMY JO ROOKER, MINORS

No. 799DC121

(Filed 16 October 1979)

**Infants § 6.3— father's signing of consent to adoption — subsequent effort to obtain custody**

> Where petitioner signed consent to the adoption of his children by their grandparents, petitioner was rendered a stranger to the blood, but this in no way precluded his right to claim custody as an "other person" within the meaning of G.S. 50-13.1, and the trial court erred in dismissing the custody proceeding for failure of petitioner to state a cause of action for which relief could be granted.

APPEAL by petitioner, Theodore A. Davis, from judgment entered by *Allen (Claude W.), Judge,* on 27 November 1978 in District Court, WARREN County. Heard in the Court of Appeals 20 September 1979.

Petitioner alleges that he is a resident of Virginia and the natural father of Theodore Davis Rooker, age 12, and Tammy Jo Rooker, age 10. Several years ago the petitioner divorced his wife and consented that his two children set out above be adopted by the natural grandparents, both of whom are now dead. The minor children are now residing with Janet Rooker Cleaton, the respondent herein.

Petitioner further alleges that he is now married, has a good and proper home in which to rear the children; that he is a fit and proper person to have the care, custody and control of his minor children; that he verily believes that it would be for the best interest of said minor children that they live with their natural parent, the petitioner. There is no allegation that the children are not being adequately cared for, and no collateral attack is being made on the adoption.

The trial judge entered an order dismissing the action for failure of the petitioner to state a cause of action for which relief can be granted, and petitioner appealed.

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn II, for petitioner appellant.*

*Banzet & Banzet, by Julius Banzet III, for respondent appellee.*

HILL, Judge.

"A final decree of adoption for life terminates the relationship between the natural parents and the child, and the natural parents are divested of *all* rights with respect to the child." (Emphasis added.) G.S. 48-23. *Rhodes v. Henderson,* 14 N.C. App. 404, 188 S.E. 2d 565 (1972).

Hence, the position of the petitioner is no greater than that of a stranger to the child. *Rhodes v. Henderson, supra.*

What right does a stranger have under the provisions of G.S. 50-13.1? This statute states substantially as follows:

Any parent, relative, or *other person,* . . . claiming the right to custody of a minor child may institute an action or proceeding for the custody of a minor child as herein provided. (Emphasis added.)

The determining factor under North Carolina decisions as to the proper custody of minor children is not that of claim of entitlement by the parties but the welfare of the child. *Mathews v. Mathews,* 24 N.C. App. 551, 211 S.E. 2d 513 (1975). In this case, the children are not living with the original adopting parents (the grandparents), but are living with another person, a stranger in effect. By signing consent to the adoption by the grandparents, the petitioner was rendered a stranger to the blood, but this in no way precludes his right as an "other person" to claim custody.

This is a matter for the lower court to decide based on all the evidence before the court at that time. Therefore, the judgment entered by the court below is vacated and the case is

Remanded.

Judges VAUGHN and ERWIN concur.