PATRICIA L. RAY, PLAINTIFF v. JEFFREY CHARLES RAY AND TERESA LONG RAY, DEFENDANTS

No. 905DC1241

(Filed 20 August 1991)

**Divorce and Separation § 383 (NCI4th)— step-grandparent—right to bring action for visitation**

> The trial court erred in dismissing plaintiff's complaint on the ground that N.C.G.S. § 50-13.1 (as amended in 1989) did not give the plaintiff step-grandmother a right to bring a claim for visitation, since that statute provides that "Any parent, relative or other person . . . claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child. . . . Unless a contrary intent is clear, the word 'custody' shall be deemed to include custody or visitation or both."

**Am Jur 2d, Divorce and Separation § 1002.**

**Visitation rights of persons other than natural parent or grandparents. 1 ALR4th 1270.**

**Grandparents' visitation rights. 90 ALR3d 222.**

Judge EAGLES concurring.

APPEAL by plaintiff from an order entered 8 October 1990 by *Judge John W. Smith* in NEW HANOVER County District Court. Heard in the Court of Appeals 5 June 1991.

## RAY v. RAY

[103 N.C. App. 790 (1991)]

*James L. Nelson and Jerry A. Mannen, Jr. for plaintiff-appellant.*

*Shipman, Lea & Allard, by James W. Lea, III, for defendant-appellees.*

LEWIS, Judge.

This case presents the Court with one issue: whether the trial court erred in dismissing the plaintiff's complaint on the ground that N.C.G.S. § 50-13.1 (as amended in 1989) did not give the plaintiff step-grandmother a right to bring a claim for visitation.

The plaintiff is the step-grandmother of the minor child, Elissa Ashley Ray, who was born in 1985. The plaintiff was married to defendant Jeffrey C. Ray's father, Glenn M. Ray, who is now deceased. The minor child's biological parents, the defendants in this case, are married but currently living apart.

The plaintiff filed a complaint alleging:

That this plaintiff is step-grandmother to the minor child, ELISSA ASHLEY RAY, and that this plaintiff at all times maintained a significant and meaningful relationship with the minor child, ELISSA ASHLEY RAY.

. . .

That this plaintiff has served and continues to serve as Executrix of the Estate of her deceased husband, GLENN MEAD RAY, and that beginning December 27, 1988, the defendants began totally depriving ELISSA ASHLEY RAY from her relationship with this plaintiff and that it was contrary to the best interests of the minor child to not permit the child to see, be with or talk with this plaintiff; that this plaintiff and the child, ELISSA ASHLEY RAY, love one another dearly and spent a lot of time together developing an extremely close relationship; that this plaintiff was a stability factor to the child ELISSA ASHLEY RAY; that the defendants wrongfully interfered with the relationship and withheld the child from the plaintiff solely for reasons related to the administration of the estate of GLENN MEAD RAY.

After a hearing on the defendants' motion to dismiss for failure of the complaint to state a claim upon which relief can be granted, the trial judge dismissed the plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Judge Smith

found in his order that there was "no biological or adoptive relationship between the defendants and the plaintiff or between the minor child and the plaintiff." Judge Smith further found in pertinent part:

That the pleading alleges no other pending action or proceeding by which the Court has custody jurisdiction over the defendants or the minor child, and defendant concedes in argument that there exists no basis for jurisdiction other than an argued "right" conferred upon plaintiff by virtue of recent amendments to G.S. 50-13.1.

The Court has considered the argument of counsel for plaintiff that allowing an amendment to the pleadings to claim a specific "right" to visitation under 50-13.1 would remedy any defect in her pleadings; and specifically rejects plaintiff's argument that the legislature intended to overturn the general case law which asserts that, with certain specific statutory exceptions, the parents with lawful custody of a child have the prerogative of determining with whom their children shall associate (*Moore v. Moore*, 89 N.C. App. 351).

The legislature has carved out specific exceptions for both "biological grandparents" and "adoptive grandparents," and has made no other exceptions for non-biological, non-adoptive "step-grandparents," particularly where the relationship by affinity has terminated by divorce or, as in this case, by death of the biological relative on whom the affinity depends.

Nor is the Court persuaded, as counsel for plaintiff argues, that G.S. 50-13.1 was ever intended by the legislature to confer upon strangers the right to bring custody or visitation actions against the parents of children unrelated to them. Such an interpretation would nullify any need for G.S. 50-13.2(b1) and 50-13.2A, neither of which have been repealed.

The issue before the Court on a Rule 12(b)(6) motion is whether the complaint states a claim upon which relief can be granted on any theory. *Harris v. NCNB National Bank*, 85 N.C. App. 669, 670-71, 335 S.E.2d 838, 840 (1987). For the purposes of the motion, the allegations in the complaint are treated as true. *Id.*

The plaintiff's complaint is based on her right to bring an action for visitation under N.C.G.S. § 50-13.1(a). The statute provides:

Any parent, relative or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided. Unless a contrary intent is clear, the word "custody" shall be deemed to include custody or visitation or both.

N.C.G.S. § 50-13.1(a).

The plain language of the statute allows the plaintiff's action as an "other person." However, citing *Acker v. Barnes*, 33 N.C. App. 750, 236 S.E.2d 715, *disc. rev. denied*, 293 N.C. 360, 238 S.E.2d 149 (1977), and *Moore v. Moore*, 89 N.C. App. 351, 365 S.E.2d 662 (1988), the defendants argue that North Carolina law grants parents who have lawful custody of their minor children the prerogative of determining with whom their children will associate. We agree that in *Moore* and *Acker* the North Carolina Court of Appeals stated that parents have such a prerogative to determine with whom their children associate. However, we hold that in 1989 when the legislature changed N.C.G.S. § 50-13.1(a) so that it includes the right to bring an action for visitation, that law changed.

Other statutes which allow actions for visitation (i.e. N.C.G.S. §§ 50-13.2A, 50-13.2(b1) and 50-13.5(j)) are merely supplemental. These statutes do not in any way contradict N.C.G.S. § 50-13.1(a) nor do they create an exception to the step-grandparent's right to bring an action for visitation in this case.

In *In re Rooker*, 43 N.C. App. 397, 258 S.E.2d 828 (1979), the North Carolina Court of Appeals held that a stranger, qualifying as an "other person" has a right to claim custody under the statute. Since that case, the statute was amended to include visitation. Therefore, we hold that the step-grandmother in this case qualifies as an "other person" and is entitled to claim visitation.

We note that this subject may involve constitutional issues relating to the substantive due process interests in the care and custody of one's children. As neither party has brought the issue before this Court, we do not address it. Thus we hold that the lower court erred in dismissing the plaintiff's claim in this 12(b)(6) proceeding.

Reversed and remanded.

ALLSTATE INS. CO. v. ROBINSON

[103 N.C. App. 794 (1991)]

Judge GREENE concurs.

Judge EAGLES concurs separately.

Judge EAGLES concurring.

I concur. I agree that the express language in G.S. 50-13.1 dictates the result in this case. I write separately only to emphasize that the amended version of G.S. 50-13.1 undermines the traditional prerogative of parents to determine with whom their minor children associate. In my view, the Legislature did not intend this result when it amended the statute.