MICHAEL CHRISTOPHER KELLY, Plaintiff v. DEENA BARNHARDT BLACKWELL AND GARY RAY BLACKWELL, Defendants

No. COA95-393

(Filed 20 February 1996)

**Infants or Minors § 35 (NCI4th)— natural parent who consented to adoption of own children—no standing to seek custody and visitation**

A natural parent who has consented to the adoption of his or her children cannot thereafter bring an action against the natural parent and adoptive parent for custody or visitation of the children. N.C.G.S. § 48-23(2).

**Am Jur 2d, Infants §§ 28 et seq.**

**Right of parent to regain custody of child after temporary conditional relinquishment of custody. 35 ALR4th 61.**

Appeal by plaintiff from order entered 23 January 1995 by Judge George T. Fuller in Davie County District Court. Heard in the Court of Appeals 24 January 1996.

*Randolph and Fischer, by J. Clark Fischer, for plaintiff-appellant.*

*Morrow, Alexander, Tash & Long, by C.R. "Skip" Long, Jr., for defendant-appellee Deena Blackwell.*

WALKER, Judge.

Plaintiff is the natural father of two minor children born during his marriage to defendant Deena Blackwell. On 20 January 1993, plaintiff consented to the adoption of the children by defendant Gary Blackwell, the children's stepfather. In a complaint filed 8 August

KELLY v. BLACKWELL

[121 N.C. App. 621 (1996)]

1994, plaintiff sought visitation with the children based on allegations of sexual abuse inflicted on the children by defendant Gary Blackwell. On 29 September 1994, plaintiff amended his complaint to include a prayer for custody of the minor children, alleging neglect and unfitness on the part of defendant Deena Blackwell. On 23 January 1995, the trial court granted defendant Deena Blackwell's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiff filed timely notice of appeal.

This case presents the question of whether a natural parent who has consented to the adoption of his or her children can thereafter bring an action against the natural parent and adoptive parent for custody and/or visitation of the children. We hold that in this case he cannot. N. C. Gen. Stat. § 48-23(2) (1991) states that a biological parent of an adopted person

> shall, from and after the entry of the final order of adoption, be relieved of all legal duties and obligations due from [that parent] to the person adopted, *and shall be divested of all rights with respect to such person.*

*Id.* (emphasis added). The "rights" referred to in the statute necessarily include standing to seek custody and/or visitation with the adopted child(ren). *See Rhodes v. Henderson*, 14 N.C. App. 404, 407-08, 188 S.E.2d 565, 567 (1972) (natural mother who consented to adoption of child had no greater right to custody of child than that of a stranger to the child).

Plaintiff's action does not contest the validity of the adoption decree entered in 1993. Nonetheless, in spite of the language of N.C. Gen. Stat. § 48-23(2), plaintiff argues that his action for custody and visitation of the children is authorized by N.C. Gen. Stat. § 50-13.1. That statute provides that "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child" may institute an action for custody of the child. N.C. Gen. Stat. § 50-13.1(a) (1995). Plaintiff claims that this "expansive language" recognizes his right, as an "other person," to seek custody of the children even after having consented to their adoption by defendant Gary Blackwell. We disagree. A person seeking custody under N.C. Gen. Stat. § 50-13.1 must be able to claim a right to such custody. As we have already stated, plaintiff lost that right when he consented to the adoption of the children. Thus, he now has no standing to maintain the instant action.

**KELLY v. BLACKWELL**

[121 N.C. App. 621 (1996)]

For the foregoing reasons, we hold the trial court properly granted defendant Deena Blackwell's 12(b)(6) motion to dismiss. The order of the trial court is

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.