IN THE MATTER OF: ADOPTION OF DAVID LEE SHULER, MINOR CHILD

No. COA02-1607

(Filed 20 January 2004)

**1. Appeal and Error— interlocutory appeal—adoption proceeding—substantial right**

An interlocutory appeal arising from an adoption was properly before the Court of Appeals because the decision affected the fundamental rights of petitioner as a parent.

**2. Adoption— consent of father not required—ambiguous acknowledgment of paternity**

Petitioner's failure to unambiguously acknowledge paternity of his son prior to the filing of an adoption petition was sufficient to support the trial court's conclusion that petitioner's consent was not required for the adoption. N.C.G.S. § 48-3-601(2)(b)(4).

## IN RE ADOPTION OF SHULER

[162 N.C. App. 328 (2004)]

Appeal by respondent from judgment entered 31 June 2002 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 13 October 2003.

*Michael E. Ciochina, for petitioner-appellee.*

*Kay S. Murray, for respondent-appellant.*

*No brief filed on behalf of Judith Shuler Nelson, respondent-appellee.*

GEER, Judge.

Respondent James Burgess appeals the trial court's order denying his motion to dismiss the petition of Christopher and Talenna Tipton for adoption of Mr. Burgess' son, David Lee Shuler, and finding that Mr. Burgess' consent was not required for the adoption to proceed. Because competent evidence in the record supports a finding that Mr. Burgess failed to unconditionally acknowledge paternity prior to the filing of the adoption petition, we affirm.

Mr. Burgess, the child's biological father, and Judith Shuler Nelson, the biological mother, entered into an intimate relationship sometime prior to February 2001. Ms. Nelson learned she was pregnant in March 2001. Although Ms. Nelson was married to another man, she was not living with her husband at that point.

The evidence is disputed as to whether Mr. Burgess and Ms. Nelson lived together during the first part of her pregnancy. They broke off their relationship in June 2001 and Mr. Burgess had little or no contact with Ms. Nelson until shortly before their child was born on 30 October 2001.

Mr. Burgess was present at David's birth, but he told nurses and a hospital worker completing the birth certificate that he was only "a friend" of Ms. Nelson. The word "refused" appears in the space on David's birth certificate where the father's name is supposed to be listed. When Ms. Nelson was asked who had "refused," she testified that it was Mr. Burgess "because when they filled the birth certificate out, they wanted to know . . . if he was the father about putting his name on it."

On 14 November 2001, Ms. Nelson gave David to Christopher and Talenna Tipton. Ms. Tipton is Ms. Nelson's cousin. Ms. Nelson informed Mr. Burgess that she had given their child away, although the evidence is disputed as to what precisely she told him.

The Tiptons filed a petition for adoption in Buncombe County on 13 December 2001. On 28 February 2002, Mr. Burgess filed an answer and motion to dismiss the adoption petition based on his refusal to consent to the adoption.

On 30 April 2002, the court held a hearing on Mr. Burgess' motion to dismiss at which the parties offered evidence on the issue whether Mr. Burgess' consent was required under N.C. Gen. Stat. § 48-3-601 (2003). The trial court found that Mr. Burgess had failed to acknowledge paternity prior to the filing of the petition for adoption, had failed to prove that he provided reasonable and consistent support within his financial means before the filing of the petition, and had failed to establish that he regularly visited or communicated, or attempted to visit or communicate, with Ms. Nelson or David during her pregnancy and after David's birth. Based on these findings, the court denied Mr. Burgess' motion to dismiss and ordered that "the Petition for Adoption may proceed and be finalized." Mr. Burgess appeals from that order.

**[1]** Contrary to Rule 28 of the Rules of Appellate Procedure, Mr. Burgess has not included in his brief a statement of the grounds for appellate review. While under N.C. Gen. Stat. § 48-2-607(b) (2003) (allowing parties to adoption proceedings to appeal by filing notice pursuant to N.C. Gen. Stat. § 1-279.1), Mr. Burgess has the right to appeal the order denying his motion to dismiss, this appeal is from an interlocutory order. Because, however, the decision below eliminates "the fundamental right" of Mr. Burgess, as a parent, "to make decisions concerning the care, custody, and control of [his] children," *Owenby v. Young*, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (2003), the order affects a substantial right and Mr. Burgess' appeal from that order is properly before this Court pursuant to N.C. Gen. Stat. § 1-277(a) (2003).

**[2]** Adoption proceedings are heard by the court without a jury. N.C. Gen. Stat. § 48-2-202 (2003). " 'Our scope of review, when the Court plays such a dual role, is to determine whether there was competent evidence to support its findings of fact and whether its conclusions of law were proper in light of such facts.' " *In re Adoption of Cunningham*, 151 N.C. App. 410, 412-13, 567 S.E.2d 153, 155 (2002) (quoting *In re Norris*, 65 N.C. App. 269, 275, 310 S.E.2d 25, 29 (1983), *cert. denied*, 310 N.C. 744, 315 S.E.2d 703 (1984)). This Court is bound to uphold the trial court's findings of fact if they are supported by competent evidence, even if there is evidence to the contrary. *In re*

*Adoption of Byrd*, 137 N.C. App. 623, 529 S.E.2d 465 (2000), *aff'd on other grounds*, 354 N.C. 188, 552 S.E.2d 142 (2001). Finally, in reviewing the evidence, we defer to the trial court's determination of witnesses' credibility and the weight to be given their testimony. *Leak v. Leak*, 129 N.C. App. 142, 150, 497 S.E.2d 702, 706, *disc. review denied*, 348 N.C. 498, 510 S.E.2d 385 (1998).

We note that Mr. Burgess specifically assigned error only to the trial court's findings of fact 2, 4, and 7. Although Mr. Burgess does include an assignment of error stating that "[t]he findings of fact as set forth in the trial court's Judgment were inconsistent with the evidence presented at trial[,]" such a broadside assignment of error is not sufficient to comply with N.C.R. App. P. 10(c)(1) and preserve for review objections to the unspecified findings of fact. *Anthony v. City of Shelby*, 152 N.C. App. 144, 146, 567 S.E.2d 222, 224 (2002).

As a result, the findings of fact not specifically assigned as error are " 'presumed to be supported by competent evidence and are binding on appeal.' " *First Union Nat'l Bank v. Bob Dunn Ford, Inc.*, 118 N.C. App. 444, 446, 455 S.E.2d 453, 454 (1995) (quoting *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982)). Those findings of fact are sufficient to support the trial court's conclusion of law that Mr. Burgess' "consent to the adoption is not required." Nevertheless, we choose to suspend our rules and review the arguments presented in Mr. Burgess' brief.

N.C. Gen. Stat. § 48-3-601 specifies the individuals whose consent is required prior to the granting of a petition to adopt a minor child. The parties agree that subsection (2)(b)(4)(II) of N.C. Gen. Stat. § 48-3-601 governs this case. Under that subsection, the consent of "[a]ny man who may or may not be the biological father of the minor" is required if he:

4. Before the earlier of the filing of the petition or the date of a hearing under G.S. 48-2-206, has acknowledged his paternity of the minor and

   . . . .

   II. Has provided, in accordance with his financial means, reasonable and consistent payments for the support of the biological mother during or after the term of pregnancy, or the support of the minor, or both, which may include the payment of medical expenses, living expenses, or other tangible means of support, and has regularly visited or

communicated, or attempted to visit or communicate with the biological mother during or after the term of pregnancy, or with the minor, or with both . . . .

N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II). A putative father "must have satisfied the three prerequisites stated, prior to the filing of the adoption petition, in order for his consent to be required. . . . Under the mandate of the statute, a putative father's failure to satisfy *any* of these requirements before the filing of the adoption petition would render his consent to the adoption unnecessary." *In re Adoption of Byrd*, 354 N.C. 188, 194, 552 S.E.2d 142, 146 (2001) (emphasis added).

Mr. Burgess therefore bore the burden of proving, *id.* at 198, 552 S.E.2d at 149, that before the Tiptons filed the petition, he (1) acknowledged paternity of David, (2) provided reasonable and consistent support for Ms. Nelson during or after pregnancy, or support for David, or both, commensurate with his financial means, and (3) regularly visited or communicated, or attempted to visit or communicate, with Ms. Nelson and David. Although we do not believe the trial court made adequate findings of fact regarding the issues of reasonable and consistent support and regular communication, we affirm the trial court's judgment because the record contains competent evidence supporting the trial court's finding that Mr. Burgess failed to acknowledge paternity prior to the filing of the petition for adoption. That finding standing alone is sufficient to support the court's conclusion of law that Mr. Burgess' consent was not required.

The Supreme Court held in *Byrd* that a putative father's acknowledgment of paternity may be verbal or written, or demonstrated by the putative father's conduct. *Id.* at 194, 552 S.E.2d at 147. Regardless of how paternity is acknowledged, that acknowledgment must, under *Byrd*, be made "unconditionally" and the putative father must "unequivocally express[] his desire to be the child's father and a part of [the child's] life." *Id.* at 195, 552 S.E.2d at 147. As the Supreme Court held, "[t]he interests of the child and all other parties are best served by an objective test that requires unconditional acknowledgment . . . ." *Id.* at 198, 552 S.E.2d at 149.

In this case, although Mr. Burgess signed an affidavit acknowledging his paternity on 15 December 2001, that document is irrelevant to this appeal because it was signed after the petition for adoption was filed. Under N.C. Gen. Stat. § 48-3-601(2)(b)(4), Mr. Burgess' acknowledgment must have occurred prior to the filing of the petition for adoption.

With respect to Mr. Burgess' actions prior to the filing of the petition, petitioners offered evidence that Mr. Burgess declined to acknowledge paternity at the hospital immediately after David's birth by falsely stating that he was merely "a friend" and by refusing to be listed as the child's father on the birth certificate. Despite evidence that Mr. Burgess did, on other occasions, acknowledge paternity verbally, this denial—at the time of the child's birth and at a point when Mr. Burgess believed himself to in fact be the father of the child— demonstrates that Mr. Burgess' acknowledgment was not unconditional and unequivocal. Mr. Burgess' arguments regarding the credibility of this evidence, including evidence as to why he did not acknowledge paternity at the hospital, were issues for the trial court to determine. *Leak,* 129 N.C. App. at 150, 497 S.E.2d at 706. Competent evidence therefore exists to support the trial court's finding that Mr. Burgess failed to acknowledge paternity within the meaning of N.C. Gen. Stat. § 48-3-601(2)(b)(4).

The trial court's finding of a lack of acknowledgment of paternity is sufficient to support that court's conclusion that Mr. Burgess' consent was not required. *Byrd,* 354 N.C. at 198, 552 S.E.2d at 149 (affirming decision that consent not required when father failed to satisfy one of the specific requirements of N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II)). Because of this conclusion, we need not address Mr. Burgess' remaining arguments on appeal.

Affirmed.

Chief Judge EAGLES and Judge HUNTER concur.