WALTER MILLER, Plaintiff v. TERENCE RAY LILLICH and CYNTHIA JANE LILLICH, Individually and as Guardian for R.L., a minor, Defendants

No. COA04-185

(Filed 21 December 2004)

## 1. Adoption— consent—statute—disjunctive

The three parts of N.C.G.S. § 48-3-601(2)(b)(4) (concerning consent to adoption) are to be read disjunctively, each being an alternative to the other. While the statute is complexly written,

MILLER v. LILLICH

[167 N.C. App. 643 (2004)]

the coordinating conjunction between the phrases falls properly before the last in the list, and the absence of "or" between the first two sub-parts does not mean that the two are read together.

**2. Adoption— reasonableness of putative father's support— child support guidelines**

It was within the trial court's discretion in an adoption case to calculate the putative father's probable support requirements under the statutory guidelines to use as a baseline for determining the reasonableness and consistency of the putative father's support payments. A child support order or written agreement is not the sole measure of reasonableness and consistency for this determination.

**3. Adoption— support provided by putative father—consent of putative father needed**

There was no error in the trial court's conclusion that the consent of the putative father was needed for adoption of a child where defendants did not assign error to the court's findings regarding support provided by the father, and those findings supported the conclusion that his payments were reasonable and consistent.

Appeal by defendants from an order entered 17 October 2003 by Judge Robert J. Stiehl, III in Cumberland County District Court. Heard in the Court of Appeals 19 October 2004.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendants-appellants Terence and Cynthia Lillich.*

*Hedahl & Radtke, by Debra J. Radtke, for plaintiff-appellee Walter Miller.*

ELMORE, Judge.

Defendants appeal from an order determining that plaintiff's consent was necessary before defendants could adopt their daughter's child. After careful review, we affirm the order of the district court requiring plaintiff's consent before adoption proceedings could go forth.

The evidence presented before the trial court tended to show that while defendants' daughter, R.L., was still a minor, she and Walter Miller (plaintiff) began having a consensual sexual relationship. After

**MILLER v. LILLICH**

[167 N.C. App. 643 (2004)]

plaintiff and R.L. had been in a monogamous sexual relationship for approximately six months, the two conceived a child in May 2001. Although plaintiff and R.L. were "both really scared," plaintiff later assured R.L. that "it would be okay."

Defendants, Terence and Cynthia Lillith, R.L.'s parents, brought an action in district court to determine whether plaintiff's consent was necessary for their adoption of the child. The district court initially determined that it was, but later granted defendants' motion for a new trial on the basis of newly discovered evidence regarding plaintiff's wages and payments. At the new trial, Judge Stiehl determined that plaintiff's consent was necessary under N.C. Gen. Stat. § 48-3-601 and entered an order consistent with that determination. Defendants appeal from that order.

Both parties agree that (1) N.C. Gen. Stat. § 48-3-601 is the controlling statute; (2) this adoption is a direct placement; (3) the minor's consent is not required since the child is under the age of 12; and (4) the mother's consent is necessary. The only dispute regards the consent of the father, plaintiff. The controlling statute on determining whether the consent of a putative father is necessary to an adoption, N.C. Gen. Stat. § 48-3-601 (2003) states in pertinent part:

> [A] petition to adopt a minor may be granted only if consent to the adoption has been executed by:
>
> (1) . . .
>
> (2) . . .
>
> a. . . .
>
> b. Any man who may or may not be the biological father of the minor but who:
>
> 1. . . .
>
> 2. . . .
>
> 3. . . .
>
> 4. Before the earlier of the filing of the petition or the date of a hearing under G.S. 48-2-206, has acknowledged his paternity of the minor **and**
>
> > I. Is obligated to support the minor under written agreement or by court order;

II. Has provided, in accordance with his financial means, reasonable and consistent payments for the support of the biological mother during or after the term of pregnancy, or the support of the minor, or both, which may include the payment of medical expenses, living expenses, or other tangible means of support, and has regularly visited or communicated, or attempted to visit or communicate with the biological mother during or after the term of pregnancy, or with the minor, or with both; **or**

III. After the minor's birth but before the minor's placement for adoption or the mother's relinquishment, has married or attempted to marry the mother of the minor by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid; or

5. . . .

*Id.* (emphasis added)

**[1]** Defendants first argue that the three sub-parts of N.C. Gen. Stat. § 48-3-601(2)(b)(4) are to be read conjunctively and not disjunctively; specifically they argue that the first two sub-parts must be read together as if connected by the word "and," leaving sub-part three as an alternative to one and two together. The trial court determined that plaintiff met the requirements of N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II) and ordered his consent necessary. Defendants argue that while plaintiff *may* have met sub section (2)(b)(4)(II), he clearly did not meet sub-part (I) of the same, i.e., he is not "obligated to support the minor under written agreement or by court order[.]" N.C. Gen. Stat. § 48-3-601(2)(b)(4)(I) (2003). Defendants would read sub-parts (I) and (II) together, and since plaintiff was not bound by an order or agreement then his consent to the adoption was not required under the statute. .

We cannot agree with this interpretation of the statute. This is admittedly a complexly written statute, but nonetheless, the subparts of subsection (2)(b)(4) by their plain language suggest that they should be read disjunctively, each being an alternative to the other. *See, e.g., In re Adoption of Byrd*, 354 N.C. 188, 552 S.E.2d 142 (2001); *In re Adoption of Shuler*, 162 N.C. App. 328, 590 S.E.2d 458 (2004). The absence of "or" between sub-parts (I) and (II) does not mean the two are read together. To the contrary, when listing more than two

phrases, the coordinating conjunction between them all falls properly before the last phrase in the list; so that it is "1 . . . ; 2 . . .; *or* 3 . . . ." A man who has acknowledged paternity does not need to be both "obligated to support the minor under written agreement or by court order" *and* to make reasonable and consistent payments, just one *or* the other. This is the plain language of the statute.

**[2]** Defendants next argue that without having a written agreement or child support order the trial court could not determine whether plaintiff's payments were sporadic or consistent, nor could it determine whether they were frivolous or reasonable. This argument is without merit as well. It is not necessary to determine whether plaintiff "has provided, in accordance with his financial means, reasonable and consistent payments" of support, as required by N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II) (2003), solely by looking at a child support order or agreement. Nonetheless, the trial court did attempt to calculate plaintiff's probable support requirements under our statutory guidelines as a baseline for determining whether the payments made were reasonable and consistent. Although such a measure is not required by the statute, it was within the trial court's discretion to make its determination of reasonableness based on the comparison.

**[3]** Finally, defendants argue that the trial court erred by determining that the actual support payments made by plaintiff were "reasonable and consistent." Yet, defendants do not assign error or take exception to any findings of fact in the trial court's order. Accordingly, the court's findings are deemed conclusive and binding on this Court. *See Shuler*, 162 N.C. App. at 331, 590 S.E.2d at 460. Considering that, the trial court made numerous findings that are sufficient to support its conclusions of law, particularly findings number 10 and 11.

> 10. The Plaintiff provided financial support for R.L. during the term of her pregnancy, to include payment of doctor's bills for the pregnancy testing and the purchase of necessary items for the child's future use. He purchased those items for the child separately from his family, who provided their own gifts to the child at two showers hosted by them for the Defendant mother prior to the child's birth.

> 11. Plaintiff has continued to provide support for both R.L. and the child after the child's birth through both the payment of cash in the amount of at least $100.00 per month since the child's birth, and the continuing provision of items such as diapers and medi-

cine for the child. This financial support, in light of the Plaintiff's limited financial means, is reasonable and consistent and has been in excess of that which would be required by the child support guidelines. If Plaintiff were employed full time earning minimum wage, his child support obligation under the statutory guidelines would be $57.00 per month. R.L. acknowledged in this hearing that she had previously testified that Walter Miller had provided everything she had indicated the child needed, with the exception of some bibs.

We cannot find error in the trial court's conclusion that plaintiff's payments were reasonable and consistent, and as such his consent was necessary to the child's adoption by defendants.

We find no error in the trial court's determination and affirm its order requiring plaintiff's consent to adoption.

Affirmed.

Judges MARTIN and McCULLOUGH concur.