LAURA MARIE PRUITT, Plaintiff,
v.
STEVEN PRUITT AND MARY A. JARVIS, Defendant, and
K.H. and L.H., Adoptive Parents in 06-SP-4437.
No. COA08-879
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Thomas B. Kakassy, for adoptive parents.
No brief filed for plaintiff.
No brief filed for defendants.
WYNN, Judge.
A party may appeal an interlocutory trial court order that affects a substantial right.[1] In this appeal, the adoptive parents of a minor child contend that the trial court's denial of their motion to dismiss a custody action brought by the biological mother of the minor child affects a substantial right. Because the trial court's denial of the adoptive parents' motion to dismiss does not affect their current parental rights to the minor child, we hold that a substantial right was not affected and dismiss this appeal.
The minor child lived with her biological parents until May 2004, when the Juvenile Court placed the minor child in the guardianship of her great-aunt, Mary Jarvis. In January 2005, Mary Jarvis brought an action seeking an order to compel the biological mother to pay child support. On 23 August 2006, the adoptive parents petitioned to adopt the minor child with Mary Jarvis's consent.
The record contains evidence of the adoptive parents' various attempts to serve notice of the adoption proceedings on the biological parents. However, no response was made to service attempted by mail or by publication. Thus, on 1 May 2007, the District Court granted the adoptive parents' motion to proceed with the adoption without the biological parents' consent. A decree of adoption was entered on 29 June 2007.
On 8 October 2007, the biological mother filed a complaint in District Court requesting an absolute divorce and child support from the biological father, and custody of the minor child from Mary Jarvis. The complaint alleged various efforts the biological mother made to see and contact the minor child during 2007 and a lack of knowledge of any adoption proceedings.
The adoptive parents intervened and filed a motion to dismiss, asserting that the custody action was not the proper manner to attack the adoption proceeding. The District Court denied the adoptive parents' motion to dismiss on 12 May 2008, stating: And the Court, based on the record herein, applicable law, and the arguments of Counsel, finds and concludes that Plaintiff did not become aware of the adoption . . . until after the same was reported to her by the Guardian Ad Litem (after he was appointed on February 19, 2008); that it is appropriate that Plaintiff should have her chance, pursuant to North Carolina law, to attempt to obtain relief from the adoption . . .
From that order, the adoptive parents appeal, arguing that the District Court lacked jurisdiction because the biological mother's custody action is an unlawful collateral attack on the adoption decree.
However, as the adoptive parents concede, this appeal is interlocutory. Nonetheless, the adoptive parents claim a right to immediate appellate review because the denial of their motion to dismiss affects a substantial right, see N.C. Gen. Stat. § 1-277(a) (2007), which they articulate as follows:
In this case, [the adoptive parents], having completed an adoption proceeding in which the statutorily allowed period for challenge has run, should be the beneficiaries of what this Court has recognized as `the need for finality in adoptions,' Barnes v. Wells, 165 N.C. App. 575, 586, 599 S.E.2d 585 (2004) (Geer, J., concurring), and the obvious need for confidentiality in adoption proceedings. . . . [The adoptive parents], in the absence of the success of this appeal, would be forced to make a general appearance in this action, which is directly contrary to the spirit and letter of the adoption statutes, to litigate the custody of the child they had already adopted, along with its time, expense, and potentially disastrous disruption to the child now well settled in her new life.
Significantly, there is no indication in the record that the District Court has in any way altered the parental rights the adoptive parents attained by virtue of the adoption. We are aware that finality and confidentiality in adoptions are policies underlying Chapter 48 of our General Statutes. See N.C. Gen. Stat. §§ 48-1-100(a) & -2-203 (2007). However, North Carolina courts have long held that the desire to avoid a trial does not amount to a substantial right. Green v. Duke Power Co., 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982); Church v. Allstate Ins. Co., 143 N.C. App. 527, 533, 547 S.E.2d 458, 462 (2001).
Indeed, it is also settled that the denial of a motion to dismiss does not affect a substantial right except in limited circumstances not at issue in this case. Compare Powell v. Bulluck, 155 N.C. App. 613, 617-18, 573 S.E.2d 699, 703 (2002) (denial of plaintiffs' motion to dismiss counterclaims for malicious and false statements and intentional interference with contractual relations did not affect substantial right); with Lail v. Cleveland Cty Bd. of Educ., 183 N.C. App. 554, 556-57, 645 S.E.2d 180, 183 (2007) (denial of motion to dismiss on grounds of sovereign immunity affected substantial right and was immediately appealable). Furthermore, factually similar cases that have found a substantial right typically involve a natural parent, not in custody of the child, challenging the adoption.
In In re Shuler, 162 N.C. App. 328, 590 S.E.2d 458 (2004), a minor child's biological father moved to dismiss a petition to adopt his child. The trial court denied his motion, ruling that the adoption could proceed without his consent because he failed to acknowledge paternity prior to the filing of the petition. Id. at 330, 590 S.E.2d at 459-60. Noting that he had a right to appeal the denial of his motion to dismiss under N.C. Gen. Stat. § 48-2-607(b) but the appeal was interlocutory, this Court found that a substantial right was affected because the trial court's ruling "eliminate[d] `the fundamental right' . . ., as a parent, `to make decisions concerning the care, custody, and control of his children . . . .'" Id. (quoting Owenby v. Young, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (2003)); accord In re Adoption of Clark, 327 N.C. 61, 68-69, 393 S.E.2d 791, 795 (1990) (putative father without knowledge of child or adoption proceedings allowed to challenge termination of his parental rights and adoption finalized without his consent); In re Adoption of Hoose, 243 N.C. 589, 594, 91 S.E.2d 555, 558 (1956) (former custodial parents of minor child allowed to intervene and seek dismissal of adoption proceedings and returned custody of minor child).
Similarly, this Court in In re Anderson, 165 N.C. App. 413, 415, 598 S.E.2d 638, 640 (2004), rev'd on other grounds, 360 N.C. 271, 624 S.E.2d 626 (2006), relied on Shuler to conclude that a biological father's opposition to a petition to adopt his child affected a substantial right and its denial was immediately appealable. Anderson, 165 N.C. App. at 415, 598 S.E.2d at 640. The biological father in Anderson objected to the proposed adoption on the ground that he had not consented, but the Clerk of Court and District Court ruled that his consent was not required. Id. at 413-14, 598 S.E.2d at 639. This Court determined it had jurisdiction to hear the biological father's interlocutory appeal because the ruling that his consent to the adoption of his minor child was not required affected a substantial right. Id. at 415, 598 S.E.2d at 640.
Accordingly, the guiding authorities do not support the adoptive parents' argument that the denial of their motion to dismiss the biological mother's custody action, which did not disturb their parental rights to the minor child, affects a substantial right. Indeed, Shuler and Anderson refute their argument because both cases involve rulings that denied biological parents the opportunity to defend their parental rights to the minor child. The situation is decisively different in this case because the adoptive parents' "`fundamental right . . . to make decisions concerning the care, custody, and control'" of the minor child was not disturbed by the denial of their motion to dismiss. Shuler, 162 N.C. App. at 330, 590 S.E.2d at 459-60 (quoting Owenby, 357 N.C. at 144, 579 S.E.2d at 266).
Accordingly, we hold that the adoptive parents have not shown a substantial right was affected by the trial court's denial of their motion to dismiss the biological mother's custody action. Therefore, we dismiss this appeal as interlocutory.
Dismissed.
Chief Judge MARTIN and Judge ERVIN concur.
Report per Rule 30(e).
NOTES
[1] See N.C. Gen. Stat. § 1-277(a) (2007).