**IN RE ADOPTION OF C.E.Y.**

[228 N.C. App. 290 (2013)]

MEREDITH LYNN FISHER, Petitioner FOR THE ADOPTION OF C.E.Y.

No. COA13-65

Filed 16 July 2013

1.  **Appeal and Error—interlocutory orders and appeals—parental ability to withhold consent for adoption—substantial right**
     Respondent father's appeal from an interlocutory order in an adoption case was immediately appealable because a court's determination as to whether a putative father has sufficiently protected his ability to withhold consent for the adoption of his child affects a substantial right.

2.  **Jurisdiction—adoption case transferred to district court—court required to address motions**
     The trial court erred in an adoption case by concluding that respondent father's motions were not properly before it. Once the clerk transferred the matters to district court pursuant to N.C.G.S. § 1-301.2(b), the district court obtained jurisdiction and was required to address respondent's motions. The case was reversed and remanded for further proceedings.

     Appeal by respondent from order entered 8 October 2012 by Judge Debra Sasser in Wake County District Court. Heard in the Court of Appeals 22 May 2013.

> *Wake Family Law Group, by Katherine Hardersen King and Michael F. Schilaski, for petitioner.*

> *Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for respondent.*

HUNTER, Robert C., Judge.

Respondent Jason Young appeals from the district court order dismissing his appeal from the clerk's order finding his consent was not required to proceed with the adoption and his motion for equitable relief. After careful review, we reverse and remand for further proceedings.

### Background

This appeal involves a petition for the adoption of the minor child C.E.Y., the child of respondent-appellant Jason Young ("respondent") who was convicted on 26 March 2012 for the first degree murder of his

wife Michelle Young. Respondent is currently serving a life sentence without the possibility of parole for Michelle's murder. Petitioner-appellee Meredith Fisher ("petitioner"), C.E.Y.'s maternal aunt, filed a petition for adoption ("adoption petition") and a petition for termination of parental rights ("TPR petition") in Wake County District Court on 25 May 2012. The TPR petition is not at issue in this appeal. On 30 May 2012, the sheriff personally served the adoption petition and notice of adoption on respondent at Alexander Correctional Institution. Respondent did not respond to the adoption petition.

Pursuant to N.C. Gen. Stat. § 48-3-603, petitioner filed a Motion to Determine Consent not Necessary on 9 July 2012. The matter came on for hearing before the Clerk of Wake County. On 11 July 2012, the clerk entered an order concluding that, because respondent was properly served with the adoption petition but failed to respond in a timely manner, his consent to the adoption was not necessary ("clerk's order"). Respondent, in an attempt to contest the clerk's order, appealed it on 13 July 2012. That same day, respondent filed a Motion to Set Aside the clerk's order ("Motion to Set Aside"). Specifically, respondent contended that the clerk's order should be set aside because he mistakenly believed that his attorney who was appointed to represent him in the TPR hearing would be handling the adoption petition as well. Respondent claimed that, after receiving the materials in prison, he sent both the TPR petition and the adoption petition to his court-appointed attorney without realizing that his attorney represented him in the TPR action only. Furthermore, respondent alleged that his court-appointed attorney did not notice the adoption petition he included with the TPR petition, and respondent did not realize his mistake until after the clerk had entered the order concluding his consent to the adoption was not required. Consequently, respondent requested the clerk to "exercise his/her power in equity and set aside the [o]rder ruling that his consent to his daughter's adoption is no longer required." In other words, only two days after the clerk entered the order, respondent promptly filed a motion explaining why he had not responded to the adoption petition and raised the equitable issue. Respondent stated that the grounds for his request for equitable relief were Rules 59 and 60 of the North Carolina Rules of Civil Procedure.

On 4 September 2012, the clerk issued an order transferring both respondent's appeal from the clerk's order and his Motion to Set Aside to district court pursuant to N.C. Gen. Stat. §§ 48-2-601 and 1-301.2. Both matters came on for hearing before the Honorable Debra Sasser who issued her order on 8 October 2012 ("district court order"). Relying on the language of Rule 60, the district court concluded that, because the clerk's order was not a final order, respondent was not entitled to have the order

**IN RE ADOPTION OF C.E.Y.**

[228 N.C. App. 290 (2013)]

set aside pursuant to Rule 60. Moreover, the district court concluded that the clerk's order cannot be appealed to district court pursuant to N.C. Gen. Stat. § 48-2-607(b) or § 1-301.2 because it was not a "final decree of adoption." Accordingly, the trial court dismissed both matters because they were "not properly before the Court." Respondent timely appealed the district court order.

## Grounds for Appeal

**[1]** Initially, it should be noted that respondent's appeal is interlocutory. *In re Adoption of Anderson*, 165 N.C. App. 413, 415, 598 S.E.2d 638, 640 (2004), *rev'd on other grounds*, 360 N.C. 271, 624 S.E.2d 626 (2006). However, our Courts have held that "a court's determination as to whether a putative father has sufficiently protected his ability to withhold consent for the adoption of his child is a substantial right pursuant to N.C. Gen. Stat. § 1-277(a) (2003) and therefore capable of appellate review when the right is affected by order or judgment." *Id.*; *see also In re Adoption of Shuler*, 162 N.C. App. 328, 330, 590 S.E.2d 458, 460 (2004). Thus, respondent is entitled to appellate review of the district court order pursuant to N.C. Gen. Stat. § 1-277(a).

## Arguments

**[2]** Respondent argues on appeal that the trial court erred in dismissing his appeal from the clerk's order and his Motion to Set Aside. Because respondent raised an issue of fact and requested equitable relief in written motions filed in the adoption proceeding and because the clerk properly transferred the proceedings to district court pursuant to N.C. Gen. Stat. § 1-301.2(b) (2011), we agree.

Adoption proceedings are heard by the trial court without a jury. N.C. Gen. Stat. § 48–2–202 (2011). Accordingly, our review of a trial court's order in an adoption proceeding is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *In re Adoption of S.K.N.*, __ N.C. App. __, __, 735 S.E.2d 385, 385 (2012) (quoting *Shuler*, 162 N.C. App. at 330, 590 S.E.2d at 460), *appeal dismissed and disc. review denied*, __ N.C. __, __ S.E.2d __ (No. 7P13) (June 12, 2013).

In dismissing respondent's challenge to the clerk's order and his Motion to Set Aside, the trial court relied on the language of N.C. Gen. Stat. § 1-301.2(e), which states, in pertinent part, "a party aggrieved by an order or judgment of a clerk *that finally disposed of a special proceeding*, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing *de novo*." (Emphasis added). The trial

court reasoned that because the clerk's order concluding that respondent's consent was not necessary was not a "final order," respondent had no statutory right to appeal it pursuant to § 1-301.2(e). Furthermore, the trial court concluded that respondent was not entitled to relief from the clerk's interlocutory order based on the express language of Rule 60.

However, the trial court erred in relying on the statutory language of § 1-301.2(e) in addressing whether the matters were properly before it. Although respondent characterized his challenge to the clerk's order as an "appeal" and purportedly based his Motion to Set Aside on Rules 59 and 60, our review of the substance of these motions indicates that they do not comport with the labels respondent gave them. "A motion is properly treated according to its substance rather than its label." *Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981). Thus, while respondent alleged that the basis for his Motion to Set Aside was Rules 59 and 60, this motion was actually a request for equitable relief. Furthermore, respondent's purported "appeal" was his attempt to contest the clerk's conclusion that his consent was not required in the adoption. N.C. Gen. Stat. § 1-301.2(b) states that "when an issue of fact, an equitable defense, or a request for equitable relief is raised in a pleading in a special proceeding or in a pleading or written motion in an adoption proceeding, the clerk shall transfer the proceeding to the appropriate court." The clerk recognized that respondent was raising issues of fact and asserting a request for equitable relief, as noted in its order, and properly transferred all matters to district court pursuant to N.C. Gen. Stat. § 1-301.2(b), regardless of the labels respondent used. Thus, the district court obtained its jurisdiction to address respondent's motions not by N.C. Gen. Stat. § 1-301.2(e), which addresses an appeal from a clerk's order, but by N.C. Gen. Stat. § 1-301.2(b), which governs the transfer of issues by the clerk of court to district court. Once the clerk transferred the matters to district court pursuant to N.C. Gen. Stat. § 1-301.2(b), the district court obtained jurisdiction and was required to address respondent's motions. Consequently, the trial court erred in concluding that respondent's motions were not properly before it, and we reverse the trial court's order and remand for further proceedings consistent with this opinion.

### Conclusion

Based on the foregoing reasons, we reverse the district court order and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges STROUD and ERVIN concur.