IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-838

No. COA22-377

Filed 20 December 2022

Guilford County, No. 19 SP 1132

IN THE MATTER OF THE ADOPTION OF:

B.M.T., a minor.


Appeal by Petitioners from Order entered 16 September 2021 by Judge Teresa H. Vincent in Guilford County Superior Court. Heard in the Court of Appeals 1 November 2022.

> *Manning, Fulton, & Skinner, P.A., by Michael S. Harrell, for petitioners-appellants.*
>
> *Lindley Law Firm, PLLC, by Kathryn S. Lindley, for respondent-appellee.*


HAMPSON, Judge.


**Factual and Procedural Background**

¶ 1    Petitioners—the prospective adoptive parents of Layla[1]—appeal from the trial court's Order entered 16 September 2021, requiring Respondent-Father's (Respondent) consent for Layla to be adopted by Petitioners. The Record before us

---

[1] A pseudonym is used for the minor child designated in the caption as B.M.T.

tends to reflect the following:

Respondent is the biological father of Layla. Respondent and Layla's biological mother (Mother) were involved in a romantic relationship at the time of Layla's conception. Respondent and Mother continued their relationship during Mother's pregnancy, and Respondent provided Mother with food, clothing, cash, transportation, personal items, and housing during the pregnancy. Without Respondent's knowledge or consent, Mother placed Layla with Petitioners for the purpose of adoption on 13 June 2019. On 20 June 2019, Respondent and Mother executed a Voluntary Acknowledgement of Paternity with the State of Tennessee. Subsequently, Respondent's name was added to Layla's birth certificate, and Layla's surname was changed to the surname of Respondent.

Petitioners filed a Petition to adopt Layla on 27 June 2019. Petitioners served Respondent with a Notice of Filing Petition for Adoption on or about 10 August 2019. Respondent objected to the adoption on 16 August 2019, requesting custody of Layla and claiming paternity. Further, Respondent stated he was "able and willing to raise and care for [his] child in every way possible." On 27 August 2019, Petitioners filed a Motion to find Respondent's consent not required, stating Mother consistently reported the identity of the biological father as "unknown" and "the unknown birth father's consent is statutorily unnecessary pursuant to [N.C. Gen. Stat.] §§ 48-3-601 and 48-3-603." On 19 April 2021, the matter proceeded to trial in Guilford County

District Court. During the trial, Respondent testified Mother often stayed with him at his home during the pregnancy, and he also provided Mother with food, transportation, and maternity clothing. Respondent testified he offered Mother financial support on numerous occasions, which she sometimes accepted and sometimes refused. Additionally, at trial, Respondent presented a document he created entitled "Pregnancy Care Expense Report". Respondent testified the Report does not include all of the support he provided to Mother and the minor child, but the Report was created from the bank statements and receipts in his possession, all of which pre-dated the 27 June 2019 statutory deadline. The Respondent also presented itemized receipts detailing baby items and supplies he purchased for Mother and the minor child.

¶ 4 On 16 September 2021, the trial court entered an Order concluding Respondent's consent to the minor child's adoption is required pursuant to N.C. Gen. Stat. § 48-3-601. The trial court's Findings of Fact are, in relevant part, as follows:

> 13. The Respondent father provided reasonable and consistent support of the minor child by providing the following:
>
> a. Infant car seat for the minor child.
> b. Significant number of meals for the biological mother during her pregnancy.
> c. Maternity clothes for the biological mother.
> d. Baby clothes and supplies.
> e. Diapers.
> f. Respondent attended doctor's visits with the biological mother[.]

g. Respondent provided meals for biological mother and formula for [the] child after the birth of the child.
h. Cash of some amount (sometimes the biological mother accepted and sometimes she refused it).

. . . .

15. From August 2018 to July 2019, the Respondent spent $1,698.66 on or in support of the biological mother and the minor child for transportation, food from a variety of restaurants, personal items and baby supplies, and Uber and Lyft transportation.

16. Both Petitioner and Respondent provided child support worksheets which show that child support would have been approximately $350.00 per month after the birth of the child pursuant to N.C. Child Support Guidelines. Between May 17th and June 1st of 2019, Respondent spent $521.34 at Walmart for baby formula, a baby crib, car seat, bouncer, diapers, socks, and other baby supplies.

. . . .

20. Respondent made his home ready for the minor child with bed, toys, and clothes; further he showed his home and the child's items to his sister by video chat.

. . . .

23. At the time the minor child was placed with Petitioners, Respondent resided at his own apartment and with his mother in Memphis, Tennessee; further his mother has since died, and he now lives with his fiancé in Mississippi approximately fifteen . . . minutes from his prior home.

Based on these Findings, the trial court made the following Conclusion of Law:

"Respondent's consent shall be required in order for the minor child . . . to be legally

adopted." Petitioners timely filed written Notice of Appeal on 13 October 2021.

## Issues

The dispositive issues on appeal are: (I) whether the trial court's Findings of Fact are supported by competent evidence; and (II) whether the trial court erred in concluding Respondent's consent was required for the adoption of the minor child.

## Analysis

Adoption proceedings are "heard by the court without a jury." N.C. Gen. Stat. § 48-2-202 (2021). "Our scope of review, when the Court plays such a dual role, is to determine whether there was competent evidence to support its findings of fact and whether its conclusions of law were proper in light of such facts." *In re Adoption of Cunningham*, 151 N.C. App. 410, 412-13, 567 S.E.2d 153, 155 (2002) (citation and quotation marks omitted). "This Court is bound to uphold the trial court's findings of fact if they are supported by competent evidence, even if there is evidence to the contrary." *In re Adoption of Shuler*, 162 N.C. App. 328, 330, 590 S.E.2d 458, 460 (2004) (citing *In re Adoption of Byrd*, 137 N.C. App. 623, 529 S.E.2d 465 (2000), *aff'd on other grounds*, 354 N.C. 188, 552 S.E.2d 142 (2001)). "[I]n reviewing the evidence, we defer to the trial court's determination of witnesses' credibility and the weight to be given their testimony." *Id.* at 331, 590 S.E.2d at 460 (citing *Leak v. Leak*, 129 N.C. App. 142, 150, 497 S.E.2d 702, 706, *disc. review denied*, 348 N.C.498, 510 S.E.2d 385 (1998)).

I.    Challenged Findings of Fact

Petitioners contend Findings 13, 15, 16, and 23 are not supported by competent evidence and are, thus, not binding on this Court.  We disagree.

At Petitioners' request, Respondent produced numerous documents, including receipts, credit and/or debit card statements, and telephone records in his possession to demonstrate he provided consistent and reasonable support within his financial means to both Mother and the minor child.  These documents, which were presented at trial, as well as Respondent's testimony, support the challenged Findings.  As such, the trial court properly exercised its inherent discretion in weighing and considering all competent evidence before making its Findings of Fact.  Respondent testified as to the facts found in Findings 13, 15, 16, and 23, and while Petitioners contend Respondent's testimony is not credible evidence to support the challenged Findings, it is not the duty of this Court to reweigh the credibility of Respondent's testimony. *See In re J.T.C.*, 273 N.C. App. 66, 70, 847 S.E.2d 452, 456 (2020) (quoting *Smith v. Smith*, 89 N.C. App. 232, 235, 365 S.E.2d 688, 691 (1988) (citation omitted)) (" 'Credibility, contradictions, and discrepancies in the evidence are matters to be resolved by the trier of fact, here the trial judge, and the trier of fact may accept or reject the testimony of any witness.' ").  Thus, because the Findings are supported by competent evidence, these Findings are binding on appeal.

II.    Respondent's Reasonable and Consistent Support

Next, Petitioners contend the trial court erred in finding Respondent provided "reasonable and consistent payments", requiring Respondent's consent to Layla's adoption. Chapter 48 of our General Statutes governs adoption proceedings in North Carolina. Section 48-3-601 requires a man "who may or may not be the biological father" to consent to the adoption of a minor child if he:

> 4. Before the earlier of the filing of the petition . . . has acknowledged his paternity of the minor and
>
> . . . .
>
> II. Has provided, in accordance with his financial means, reasonable and consistent payments for the support of the biological mother during or after the term of pregnancy, or the support of the minor, or both, which may include the payment of medical expenses, living expenses, or other tangible means of support, and has regularly visited or communicated, or attempted to visit or communicate with the biological mother during or after the term of pregnancy, or with the minor, or with both[.]

N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II) (2021). Because Petitioners concede Respondent has satisfied both the acknowledgment and communication requirements, we limit our analysis to whether Respondent provided reasonable and consistent payments for the support of the Mother, minor child, or both.

Respondent must present competent evidence to demonstrate: "(1) he provided payments for the support of the biological mother, minor child, or both; (2) such payments were reasonable in light of his financial means; and (3) such payments were made consistently." *In re Adoption of C.H.M.*, 371 N.C. 22, 29-30, 812 S.E.2d 804,

809-10 (2018).

Petitioners contend the trial court erred in concluding Respondent provided reasonable and consistent payments for the support of the biological mother during or after the term of pregnancy, or the support of the minor, or both. We disagree.

Although "support" required under N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II) is not expressly defined, our Supreme Court has stated: " 'support' is best understood within the context of the statute as actual, real and tangible support, and that attempts or offers of support do not suffice." *In re Adoption of Byrd*, 354 N.C. 188, 196, 552 S.E.2d 142, 148 (2001). However, " '[s]o long as the father makes reasonable and consistent payments *for* the support of mother or child, the mother's refusal to accept assistance cannot defeat his paternal interest.' " *C.H.M.*, 371 N.C. at 30, 812 S.E.2d at 810 (quoting *In re Adoption of Anderson*, 360 N.C. 271, 279, 624 S.E.2d 626, 630 (2006)).

In *Byrd*, the respondent-father delivered a $100 money order and baby clothes to a third party for the benefit of the biological mother and child, but the biological mother did not receive the items until after the adoption petition had been filed. *Byrd*, 354 N.C. at 191, 552 S.E.2d at 145. Further, the Court also emphasized *tangible* support is required under N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II). *Id.* at 196-97, 552 S.E.2d at 148. Thus, the Court concluded the respondent's consent to the adoption of the minor child was not required because "respondent never provided tangible support within his financial means to mother or child at any time during the

relevant period before the filing of the adoption petition." *Id.* at 197, 552 S.E.2d at 148.

In *Anderson*, the Supreme Court noted the importance of a "payment record" to establish a putative father made reasonable and consistent payments. 360 N.C. at 279, 624 S.E.2d at 630-31. There, the respondent-father presented evidence he made various offers of financial support to the biological mother, but the mother refused to accept his assistance. *Id.* at 278-79, 624 S.E.2d at 630. As such, the respondent never actually provided any payments or support to the mother or the minor child. *Id.* at 279, 624 S.E.2d at 630. Thus, the Court concluded respondent's consent to the minor child's adoption was not required because "[b]y doing nothing more than sporadically offering support to [mother], respondent left the support prong of N.C. [Gen. Stat. §] 48-3-601 unsatisfied." *Id.* at 279, 624 S.E.2d at 631.

In *C.H.M.*, the Supreme Court emphasized "the importance of a verifiable payment record to establish that a putative father made reasonable and consistent payments." *C.H.M.*, 371 N.C. at 31, 812 S.E.2d at 811 (citing *Anderson*, 360 N.C. at 278, 624 S.E.2d at 630). In that case, the respondent-father neither purchased any baby items for the minor child nor provided any monetary payments for the minor child's support. *Id.* at 24, 812 S.E.2d at 806. Instead, the respondent presented evidence of a lockbox where he had placed money "for the support of the minor child." *Id.* at 25, 812 S.E.2d at 807. However, the Court concluded the respondent's evidence

was insufficient to demonstrate the respondent complied with the statutory support payment requirements. *Id.* at 32, 812 S.E.2d at 811. In so concluding, the Court reasoned the respondent failed to demonstrate the money placed in the lockbox constituted "reasonable and consistent payments" prior to the filing of the petition for adoption as the "respondent presented comingled financial evidence" and did not know how much money was placed in the lockbox at any relevant time. *Id.*

¶ 17    In the case *sub judice*, Respondent, as distinguished from the respondents in *Byrd*, *Anderson*, and *C.H.M.*, provided actual, *tangible* support in the form of food, clothing, transportation, and baby supplies for the benefit of both Mother and Layla, as opposed to mere offers of support.  Further, unlike the respondent in *Anderson*, who offered evidence of "sporadic" offers of support to the biological mother, here, Respondent provided documentation in the form of receipts, bank statements, and a self-created "Pregnancy Care Expense Report" as evidence of the tangible support he provided Mother and Layla.  Here, Respondent provided what the trial court found to be consistent and reasonable within his financial means: tangible items—a car seat, a crib, baby clothing, diapers, formula, and other baby supplies—for the support of the minor child.  Further, Respondent not only provided support to the minor child, but he also provided support to Mother throughout her pregnancy and after Layla's birth.  Moreover, unlike the respondents in *Byrd*, *Anderson*, and *C.H.M.*, here, Respondent also prepared his own home for the minor child with a bed, toys, and baby

clothing. The Court in *Anderson* suggested the "respondent could have supplied the requisite support [by] . . . opening a bank account or establishing a trust fund . . . in accordance with his financial resources[,]" 360 N.C. at 279, 624 S.E.2d at 630-631; however, while opening a bank account or establishing a trust fund may satisfy the support requirement of N.C. Gen. Stat. § 48-3-601, that is merely one way to satisfy the statutory requirement.

¶ 18    Indeed, as expressly stated in the statute, the support required by Section 48-3-601 may include "tangible means of support[.]" N.C. Gen. Stat. § 48-3-601(b)(4)(II). As such, the instant case is distinguishable from *Byrd*, *Anderson*, and *C.H.M* as Respondent actually provided *tangible* support to both the biological mother and the minor child during and after the pregnancy term. Moreover, Respondent provided this tangible support prior to the statutory deadline—27 June 2019, when the Petitioners filed the Petition for Layla's adoption. *See In re Adoption of K.A.R.*, 205 N.C. App. 611, 617, 696 S.E.2d 757, 762 (2010) ("[T]he bright-line requirement—that the support contemplated by the statute must be provided prior to the filing of petition—found to absent in *Byrd* and *Anderson*, distinguishes this case.")[2].

---

[2]  We acknowledge Petitioners' argument that *K.A.R.* was overruled sub silentio by our Supreme Court in *C.H.M.* However, the applicability of *K.A.R.* was clearly at issue in *C.H.M.*, as illustrated by the dissent in that case. While the majority in *C.H.M.*, by omitting discussion of our decision in *K.A.R.* clearly found *K.A.R.* unpersuasive and inapplicable to the facts of *C.H.M.*, it also did not expressly overrule *K.A.R.* despite the opportunity and

Thus, the trial court did not err in finding Respondent provided, in accordance with his financial means, reasonable and consistent payments for the support of both Mother and Layla. Therefore, the trial court also did not err in determining Respondent satisfied the statutory requirements of N.C. Gen. Stat. § 48-3-601(2)(b)(4)(II). Consequently, the trial court properly concluded Respondent's consent was required in order for Layla to be legally adopted.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order concluding Respondent's consent is required for the minor child to be legally adopted.

AFFIRMED.

Chief Judge STROUD and Judge JACKSON concur.

---

authority to do so. We further note the Supreme Court denied discretionary review in *K.A.R.* As such, we decline to conclude *K.A.R.* is overruled, and it retains precedential value in this Court. *See also In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").